UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRIS JONATHAN EPPERSON,

Plaintiff,

-against-

UNITED STATES OF AMERICA; HOUSE OF
SENATE; HOUSE OF REPRESENTATIVES;
UNITED STATES GOVERNMENT; THE
DEMOCRATIC REPUBLICAN PARTY; UNITED
STATES CONGRESS; FRANKLIN D.
ROOSEVELT; HARRY S. TRUMAN; RICHARD
M. NIXON; LYNDON B. JOHNSON,

Defendants.

1:24-CV-6619 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff Chris Jonathan Epperson, who resides in Fresno, California, and appears *pro se*,

filed his complaint commencing the present action invoking both the court's federal question

jurisdiction and diversity jurisdiction. He sues: (1) the United States of America; (2) the "House

of Senate," which the Court understands to be the United States Senate; (3) the Untied States

House of Representatives; (4) the "Democratic Republican Party," which is the retrospective

name of the Republican Party; (5) the United States Congress; (6) former and deceased President

Franklin D. Roosevelt; (7) former and deceased President Harry S. Truman; (8) former and

deceased President Richard M. Nixon; and (9) former and deceased President Lyndon B.

Johnson. In his complaint, Plaintiff states that he seeks from the United States "500.000.000.000

Bullion to 1.7.000.000.000.000 Trillion each fiscal year on the operations of the United States

Mint violating Article X of the United States Constitution [*sic*]"[1] (ECF , at 6.)

---

[1] Plaintiff has filed additional submissions in this action (ECF 9-11), which the Court
understands to be supplements to Plaintiff's complaint.

By order dated September 6, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses this action.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)).

## BACKGROUND

Plaintiff's complaint does not contain many facts. Plaintiff alleges, in his complaint, that the events that are the bases for his claims occurred in the Federal Reserve Building on

December 29, 1941. His complaint's statement of claim contains no other facts; its remainder

includes only lists of statutes, federal regulations, federal court rules, and appendixes.

In the injuries section of his complaint, Plaintiff states the following: "September 24,

1980 gun powder-plot nail in the coffin of the constitution had been violated by the action of the

state legislature where the prohibition is against state laws impairing the obligation of contracts.

[*sic*]" (ECF 1, at 6.)

Plaintiff's first supplement (ECF 9), which is not signed, is similar to the Plaintiff's

complaint's statement of claim, in the manner described above, and it also seems to indicate

Plaintiff's intent to proceed with this action as a class action.[2]

Plaintiff's second supplement (ECF 10) is written using a declaration form that is issued

to *pro se* litigants by this court. Plaintiff describes that document as an "Opposition to

Defendant's Motion for Summary Judgment" and as a "Brief Opposition for Appellant's Motion

of no Confidence [*sic*]." In that supplement, Plaintiff states the following:

> Motion for violation of this Act by an officer or employee of the United States,
> there shall be a cause of action against the United States as provided by section
> 1346(b) and chapter 171 of title, 28 United States Code, Remedies against the
> United States provided by this section shall be the exclusive remedy or sanction,
> including the Exclusionary Rule.
>
> In the United States Supreme Court of appeals for the Southern District of New
> York (2d.Cir.1907) Fed. R. Crim. P. 52(a). Unsolved Capital Crimes.:,Old Cases
> Marshall Law (3d.Cir. 1987) District of Columbia D.C.Cir.1798". Adjudicated

---

[2] To the extent that Plaintiff requests to proceed with this action as a class action, the
Court must deny that request. The statute governing appearances in federal court, 28 U.S.C.
§ 1654, "allow[s] two types of representation: 'that by an attorney admitted to the practice of law
by a governmental regulatory body, and that by a person representing himself.'" *Lattanzio v.
COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (citation omitted). Because a nonlawyer cannot bring
suit on behalf of others, a nonlawyer *pro se* plaintiff cannot act as a class representative and bring
a class action. *Rodriguez v. Eastman Kodak Co.*, 88 F. App'x 470, 471 (2d Cir. 2004) (summary
order) (citing *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998)); *Phillips v. Tobin*, 548 F.2d
408, 412-15 (2d Cir. 1976). Because Plaintiff does not allege that he is an attorney, the Court
denies his request to proceed with this action as a class action.

counterclaim against United States of America for 500 Bullion each fiscal year 1.7 Trillion each state Any Lands of the North West Ordinance of 1787, Government mandate ex parte gag order under operations of the United States Mint to the street violating Article III, Section 1 of the United States Constitution. [*sic*]

(ECF 10, at 1-2.) This statement is followed by a list of federal statutes, federal regulations, and federal court rules.

Plaintiff's third supplement (ECF 11), which Plaintiff describes as a "Brief for the Appellant," appears to be a copy of an appellate brief filed in an unspecified case before the Supreme Court of the United States regarding a former employee of the National Security Agency.

## DISCUSSION

### A.     Sovereign immunity

The Court must dismiss Plaintiff's claims against the United States of America, the United States Senate, the United States House of Representatives, the United States Government, and the United States Congress under the doctrine of sovereign immunity. This doctrine bars federal courts from hearing all suits against the federal government, including any suits against any branch or part of a branch of the federal government, except where sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)); *Egypt v. United States*, No. 1:23-CV-2930 (JGLC) (SDA), 2024 WL 3236803, at *6 (S.D.N.Y. May 30, 2024) ("The Government, as sovereign, is generally immune from suit unless Congress has expressly waived that immunity."), *report & recommendation adopted*, 2024 WL 3236910 (S.D.N.Y. June 28, 2024); *see also Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency . . . is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived."); *Hammer v. Supreme Court*

*of the United States*, No. 1:05-CV-4137 (RJH), 2005 WL 1946038, at *1 (S.D.N.Y. Aug. 11, 2005) ("The Federal Government, of which the Supreme Court is a branch, is entitled to sovereign immunity. As the Court does not discern any waiver embodied in the Constitution or the laws of Congress, the Supreme Court remains immune from suit." (citations omitted)).

Plaintiff alleges nothing to suggest that the doctrine of sovereign immunity has been waived with respect to his claims against any of the abovementioned federal government defendants. The Court therefore dismisses Plaintiff's claims against these defendants under the doctrine of sovereign immunity, and consequently, for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1915(e)(2)(B)(iii), Fed. R. Civ. P. 12(h)(3).

**B.    Plaintiff's claims are frivolous**

Notwithstanding the Court's dismissal of Plaintiff's claims against the abovementioned federal government defendants, under the doctrine of sovereign immunity, the Court must dismiss all of Plaintiff's claims, including those against the federal government defendants, the Democratic Republican Party, and against the former President defendants, as frivolous. A complaint is "'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless' − that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at 32-33 (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks)). A court has "no obligation to entertain pure speculation and conjecture." *Id.*

Plaintiff's allegations, in his complaint and in his supplements, appear to be an incoherent and fantastic attempt to assert at least one claim that Plaintiff has been somehow wronged by the United States Government. Because Plaintiff's allegations are incoherent and fantastic, however, there is no factual predicate or legal theory on which Plaintiff may rely to state a claim. Thus, a finding of frivolousness is warranted as to all of Plaintiff's claims. *See Livingston*, 141 F.3d at

5

437. The Court therefore dismisses all of Plaintiff's claims as frivolous. *See* 28 U.S.C.

§ 1915(e)(2)(B)(i).

## C.    Leave to amend is denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to

cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*,

657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Because it appears that the defects in Plaintiff's complaint and supplements cannot be cured with

an amendment, the Court declines to grant Plaintiff leave to amend.

## D.    The preexisting filing injunction

By order dated October 16, 2024, in another of Plaintiff's *pro se* actions brought in this

court, the Court barred Plaintiff from filing future civil actions IFP in this court without first

obtaining from the court leave to file. *Epperson v. U.S. Gov't*, No. 1:24-CV-6658 (LTS), 2024

WL 4519910, at *1 (S.D.N.Y. Oct. 16, 2024) (citing 28 U.S.C. § 1651). Because Plaintiff filed

the present action before that filing injunction was entered, the present action is not subject to

that filing injunction. The Court reminds Plaintiff, however, that he remains subject to the

abovementioned filing injunction with respect to any civil action that he has filed or will file in

this court after the entry of that filing injunction in which he seeks to proceed IFP.

## CONCLUSION

The Court dismisses this action for the reasons set forth in this order. *See* 28 U.S.C.

§ 1915(e)(2)(B)(i), (iii); Fed. R. Civ. P. 12(h)(3).

       The Court directs the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order.

SO ORDERED.

Dated:   May 12, 2025
         New York, New York

                                                     *Louis L. Stanton*
                                                   Louis L. Stanton
                                                      U.S.D.J.